IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUN 21 2021
Nathan Ochsner, Clerk of Court

|  |  |  |
|---|---|---|
| | § | |
| Antonio Young (I, Me) | § | |
| | § | |
| *Plantiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| City of College Station | § | |
| College Station Police Department | § | |
| Officer Tim Grandy | § | _____ |
| Officer Michael Pohl | § | |
| Officer John Doe | § | |
| | § | |
| *Defendant* | § | |
| | § | |
| | § | |
| | § | JURY REQUESTED |

## **PLAINTIFFS' PRO Se ORIGINAL Complaint**

### **JURISDICTION**

1. This Court has jurisdiction of this lawsuit under 28 U.S.C. §1331, which provides district courts with federal question jurisdiction over civil cases involving the United States Constitution, federal laws or treaties to which the United States

### **VENUE**

2. Venue is proper in this Court under 28 U.S.C. §1391(b), as the events occurred in Brazos county as well as College Station PD and the city of College Station being located there within the district.

### **PARTIES**

3. Antonio Young filing Pro Se is the Plaintiff residing in Nacogdoches in Nacogdoches County, Texas.

4. City of College Station is location of violations in Brazos County

5. College Station Police Department is employer of violating officers

6. Officer Tim Grandy, Officer John Doe and Michael Pohl are arresting officers of College Statin Police Department in Brazos County, Texas.

7. I will amend the name of John Doe when his name is discovered

## CAUSE OF ACTION UNDER 42 U.S.C. § 1983 &1985

8. 42 U.S.C. § 1983 provides that:

   Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress

## CLAIMS

9. Officers Grandy and Officer Pohl, while acting under color of law, knowingly prevented me from receiving medical attention during a medical emergency by illegally giving me a criminal trespass warning and escorting me from a property that I had legal right to be at by the terms of 42 USC 1395dd, which requires Medicare hospitals to examine and stabilize patients both mentally and physically. which officers could tell had not been met

10. Officers Grandy, Officer Pohl and Officer Doe would later conspire violate my 4th Amendment rights by arresting as an ambulance brought me back from the edge of the property where they left me in poor condition. When I got to where I could no longer

stand, lean and began hyperventilating I was forced to call 911 for the 3rd time that day for help.

11. Officer Grandy would continue to violate my 8th Amendment rights by taking me to jail instead of allowing me to get the medical assistance at Baylor Scott and White or another hospital.

## FACTS

12. On June 22, 2019 at about 8:15am, I, the Plaintiff, Antonio Young, a large black man, was taken to the Baylor Scott and White Medical Center in College Station, TX at 700 Scott and White Dr. via ambulance for what I would much later find out was a severe and dangerous reaction to a new prescription drug, Xanax, I had begun taking on June 19th.

13. At 9:34am, I would call 911 again from the outside as I had been just escorted out untreated for trying to get help with my worsening symptoms.

14. Because I knew that I knew that I hadn't been violent or done anything wrong and I still needed medical attention, I called 911 attend to hopefully assist me in getting help.

15. Defendants Grandy and Pohl would arrive at about 9:48am as I was on the phone with the dispatcher and I thought at the time they were either in the area or answering my call.

16. For 30 minutes I struggled through memory loss and other cognitive issues to convince Officers Grandy and Pohl of my condition and telling them that I haven't received medical attention.

4

17. The officers at one point even commented that I wouldn't remember anything as I struggled to use my phone to record things so that I could remember them when/if I survived whatever was wrong.

18. At one point I even tried to get Officer Grandy to read my notes where I had been struggling to write and diagnose myself before getting to the ER.

19. The two defendants lack of willingness to help continued to worsen my symptomatic agitation.

20. I asked them if we could go and talk to the doctors even as they were unlawfully giving me the criminal trespass warning in front of Scott and White, an act that even my medical records from that say I had permission to do.

21. I asked the officers to escort me to the edge of the property as I didn't want to injure myself more and along the way asked them to call my roommate in hopes that he could assist me in getting them to help me to which they agreed.

22. However, when we reached the edge of the property, they were only interested in informing me about the warning that I didn't want to hear about earlier due to the agitation caused by my symptoms and then leaving.

23. The officers left me at the edge of the property even as I was trying to tell them I wasn't going to be able to abide by the warning because I still needed help and had doctors at this hospital.

24. A short time later at 10:21am I called 911 for the 3rd time as my symptoms were worsening and I got dizzy, my legs struggled could no longer support my weight, I my arms could no longer hold me propped up and I began hyperventilating as the ambulance pulled up.

25. After a short time the College Station Fire Department EMTs were able to finally help me get the hyperventilating under control and I slowly gained enough strength to stand and get myself on the gurney.

26. Even as was being loaded into the ambulance the defendants were showing malicious disregard for my safety as they were continually threatening to arrest me if the ambulance took me back to Scott and White, the hospital we were feet away from.

27. The EMTs had confirmed that I was dehydrated but even at that time I knew that there was something else very wrong and feared for my life so I asked the ambulance to take me back up the driveway to Baylor Scott and White.

28. When the ambulance backed up to the hospital and unbuckled me from the gurney. I had enough strength to walk but couldn't get down so I asked for assistance. Officer John Doe, Officer Grandy and Officer Pohl arrested me the moment my foot touched the ground showing complete disregard for my condition.

29. I was loaded into Officer Grandy's car and he took me to the Brazos County Detention Center where I would spend more than 24 hours with no medical treatment as I fought for my life through worsening symptoms.

30. I had even asked Officer Grandy several times when I could get medical attention as we were driving off and I was being handed off to a sheriff.

31. Officer Grandy again asked if I was on weed insisting that it "didn't matter" as I asked them why I had a bandage on my finger from the EMTs checking for dehydration only about 20 minutes earlier.

32. Thanks to the actions of the Defendants and the more than 24 hours that I would remain in custody with no medical treatment, I worsened a lower back injury due to my

diminished mental state from the symptoms as well as am still currently being treated for PTSD from nearly losing my life to the many symptoms which I suffered while in custody including struggling to breathe to the point of nearly passing out.

33. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages Defendant under 42 U.S.C. § 1983, in that the actions of Defendant were malicious, willful or done with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## **DAMAGES/RELIEF**

34. As a direct and proximate result of the acts and omissions outlined above, I have been severely damaged. Defendants' conduct caused physical pain, as well as emotional distress and mental anguish and trauma.

35. I seek compensatory damages in an amount deemed sufficient by the trier of fact to compensate them for their damages, which include physical pain, mental anguish, pain, and suffering.

36. I also seeks exemplary damages against Defendant.

37. For the all of the above damages, I am seeking $3,000,000

38. I also seek Attorney's fees should one be hired and court fees in addition to the above.

39. And Finally, I request Injunction for Defendant, College Station PD, to require and enforce trainings on Mental Health, 42 USC 1395dd aka EMTALA, racial and behavioral profiling especially in medical situations

## **JURY DEMAND**

**40.** Plaintiff respectfully request a trial by jury.

## **PRAYER**

For these reasons, Plaintiffs seek judgment against Defendant for;

a.  compensatory and actual damages in an amount deemed sufficient by the trier of fact;

b.  exemplary damages;

c.  attorney's fees under 42 U.S.C. §1983 and §1988;

d.  costs of court;

e.  interest allowed by law for prejudgment and/or post-judgment interest.

f.  Injunction for Defendant, College Station PD, to require and enforce trainings on Mental Health, 42 USC 1395dd aka EMTALA, racial and behavioral profiling

Respectfully submitted,

*[signature]*

Antonio Young

323 E. Seale St

Nacogdoches, TX 75964

979-571-9955

8