United States District Court
Southern District of Texas
**ENTERED**
November 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO YOUNG, a/k/a ANTONIO LADARRELL YOUNG, § § § *Plaintiff*, § § v. § § CITY OF COLLEGE STATION, *et al.*, § § *Defendants*. § | Civil Action No. H-21-2033 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the three motions to dismiss filed by defendants College Station Police Department ("CSPD") (Docket Entry No. 9), the City of College Station (the "City") (Docket Entry No. 10), and CSPD officers Michael Pohl and Tim Grandy (the "Officers") (Docket Entry No. 11). The defendants seek dismissal of federal statutory and constitutional claims raised against them by plaintiff in this civil lawsuit.

Plaintiff, proceeding *pro se* and *in forma pauperis*, is not a prisoner, detainee, or otherwise in custody of any law enforcement or correctional agency. His responses to the motions were due September 29, 2021. *See* LR7.3, LR 7.4, LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS.[1] Plaintiff filed two untimely responses dated October 19, 2021 (Docket Entries No. 15, 16), without leave of

---

[1]These and other federal procedural rules may be viewed online at https://www.txs.uscourts.gov/page/local-federal-rules.

court. Plaintiff's response to the Officers' motion to dismiss is unsigned, untimely, and filed without leave of court. The response is **STRICKEN FROM THE RECORD** (Docket Entry No. 15). Plaintiff's response to the City's motion to dismiss is untimely and filed without leave of court. The response is **STRICKEN FROM THE RECORD** (Docket Entry No. 16).

Plaintiff also filed a motion for leave to amend his complaint on October 19, 2021. (Docket Entry No. 20.) The motion does not include a certificate of conference as required by the Local Rules of this Court and those of the undersigned district judge. *See* LR7.1, LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS; COURT PROCEDURES OF JUDGE KEITH P. ELLISON, ¶ 5(c).[2] The motion for leave is **DENIED WITHOUT PREJUDICE**.

Having considered the motions to dismiss, the pleadings, matters of public record, and the applicable law, the Court **GRANTS** the motions and **DISMISSES** plaintiff's claims in part with leave to amend for the reasons shown below.

## I. BACKGROUND

Plaintiff asserts that, on June 22, 2019, he called 911 for an ambulance and was transported to Baylor Scott and White Medical Center (the "Hospital") in College Station, Texas. He claims that the Hospital refused to treat him and that its security guards removed

---

[2]The undersigned judge's procedural rules may be viewed online under "Judge Ellison's Procedures" at https://www.txs.uscourts.gov/content/united-states-district-judge-keith-p-ellison.

2

him from the premises.³ Once outside the Hospital's property, plaintiff again called 911 for medical attention. College Station Police Department officers Pohl and Grandy arrived and listened to plaintiff explain for thirty minutes that the Hospital had escorted him off the property without treating him. The Officers issued him a criminal trespass warning not to return to the Hospital.

Plaintiff ignored the warning, and once again called 911 while standing with the Officers outside the Hospital. College Station Fire Department emergency medical personnel responded, examined him, and told him he was dehydrated. The Officers reminded plaintiff about the criminal trespass warning, but plaintiff nonetheless asked the emergency medical personnel to take him back to the Hospital. When plaintiff stepped from the ambulance back on to Hospital property, the Officers arrested him for criminal trespass and transported him to the Brazos County Detention Center.⁴ Plaintiff posted bail and was released from detention the next day.⁵ The parties have not disclosed the current status of the criminal charges.

---

³Plaintiff's separate lawsuit against the Hospital and staff is pending before this Court in *Young v. Baylor Scott and White Medical Center*, C.A. No. H-21-2116 (S.D. Tex.). Plaintiff avers in that lawsuit that hospital security guards "kicked" him out of the Hospital.

⁴Plaintiff's separate lawsuit against Brazos County and law enforcement personnel is pending before this Court in *Young v. Brazos County*, C.A. No. H-21-2035 (S.D. Tex.).

⁵The Court takes judicial notice of Brazos County public online jail records for plaintiff for booking #305589. *See* https://jailsearch.brazoscountytx.gov (accessed October 21, 2021).

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against the defendants under 42 U.S.C. § 1983, one day prior to expiration of limitations. He claims that he was illegally given a criminal trespass warning, denied his federal statutory rights under the Emergency Medical Treatment and Labor Act ("EMTALA"), arrested in violation of his Fourth Amendment rights, and taken to jail in violation of his Eighth Amendment rights. He seeks compensatory and exemplary damages of $3 million and injunctive relief. Plaintiff was not a prisoner or pretrial detainee at the time he filed the lawsuit.

## II. ANALYSIS

### A   College Station Police Department

In its motion to dismiss (Docket Entry No. 9), defendant CSPD argues that plaintiff cannot sue the police department because it is not a jural entity.

CSPD is not a separate legal entity apart from the City of College Station ("the City") and has no capacity to be sued. "[T]he law of the state where the court is located" determines the capacity of an entity to be sued. FED. R. CIV. P. 17(b). The City is a home-rule municipality, and Texas law grants the City the authority to organize a police force. *See* TEX. LOC. GOV'T ANN. § 341.003. The City's Charter grants all the general powers of a city to the City itself and creates its police department, but the Charter does not grant the police department the power to sue or be sued.

The Court grants CSPD's request that it take judicial notice of provisions contained in the City's Charter, College Station, Tex., Charter art. III, § 26 (2018), which CSPD

4

attached as Exhibit A to its motion. FED. R. EVID. 201. The Charter does not grant CSPD the power to sue or be sued, and plaintiff pleads no factual allegations to the contrary. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

CSPD lacks jural existence and cannot be sued. CSPD's motion to dismiss (Docket Entry No. 9) is **GRANTED** and plaintiff's claims against CSPD are **DISMISSED FOR LACK OF JURISDICTION**.

B.   City of College Station

In its motion to dismiss (Docket Entry No. 10), the City moves to dismiss plaintiff's claims under Rule 12(b) of the Federal Rules of Civil Procedure for his failure to state a claim upon which relief can be granted.

The City is a municipality. *See* CHARTER, COLLEGE STATION, TEX., CHARTER ART. III, § 26 (2018). (Docket Entry No. 10, Exhibit C.) It is well established that municipal liability under section 1983 requires pleading and proof of a policy or custom that caused a plaintiff's constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). To establish municipal liability, a plaintiff must identify and plead: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017); *Valle v. City of Houston*, 613 F.3d 536, 541–542 (5th Cir. 2010).

5

Plaintiff pleads none of these essential allegations. Accordingly, the City's motion to dismiss is **GRANTED** and plaintiff's constitutional claims against the City are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within **THIRTY DAYS** from date of this order to cure this pleading deficiency. No new claims may be raised or parties joined in the amended complaint.

The City's motion to dismiss plaintiff's statutory claims for violation of EMTALA is **GRANTED**. EMTALA, by its own statutory language, applies to hospitals with an emergency department and require such hospitals to provide medical care to stabilize the medical condition of individuals who come to the hospital with an emergency medical condition. 42 U.S.C. § 1395dd. The City is not a hospital and owed plaintiff no duty on June 22, 2019, to provide him emergency medical care under EMTALA. Plaintiff's claims against the City for violation of EMTALA are **DISMISSED WITH PREJUDICE**.

C. CSPD Officers Michael Pohl and Tim Grandy

Plaintiff asserts in general terms that the criminal trespass warning and his subsequent arrest violated his Fourth Amendment rights. "The Fourth Amendment protects citizens from false arrests—that is, arrests unsupported by probable cause." *Defrates v. Podany*, 789 F. App'x 427, 431 (5th Cir. 2019). Under Texas law, criminal trespass is the act of knowingly entering private property without the consent of the owner after receiving notice that entry on the property is forbidden or remaining on property after receiving notice to depart but failing to do so. TEX. PEN. CODE ANN. § 30.05 (a); *Defrates*, 789 F. App'x at 431. "Notice"

with respect to criminal trespass includes oral communication by someone with apparent authority to act for the owner. TEX. PEN. CODE ANN. § 30.05 (a)(2)(A). It is clear from plaintiff's own factual allegations that the Hospital had him removed from its property, that plaintiff made the Officers aware of this, that they gave him a criminal trespass warning not to return to the Hospital, and that the Officers arrested plaintiff when he knowingly ignored the warning and returned to the Hospital.

The Officers argue that plaintiff's claims against them should be dismissed because police officers sued in their individual capacity are protected by qualified immunity. Qualified immunity is a defense available to government officials in their individual *See Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994). Qualified immunity shields officers from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It provides officers "breathing room to make reasonable but mistaken judgments," and "all but the plainly incompetent or those who knowingly violate the law" are protected. *Stanton v. Sims*, 571 U.S. 3, 6 (2013); *Pratt v. Harris County*, 822 F.3d 174, 181 (5th Cir. 2016). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (internal citations and quotation marks omitted). Qualified immunity "represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Angulo v. Brown*, 978 F.3d 942, 949 (5th Cir. 2020);

*Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019) (explaining that courts "must think twice before denying qualified immunity").

When an officer invokes qualified immunity, courts ask two questions: (1) whether the evidence viewed in the light most favorable to the plaintiff shows that the officer violated a constitutional right, and (2) whether the unlawfulness of his conduct was clearly established at the time. *District of Columbia v. Wesby*, ___U.S.___, 138 S. Ct. 577, 589 (2018). A court may address the two prongs of the qualified immunity analysis in any sequence, depending on the circumstances of the particular case at hand. *Pearson*, 555 U.S. at 236; *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017).

Plaintiff's factual allegations in the instant case show that the Officers' interactions with plaintiff on June 22, 2019, commenced *after* he had been removed from the Hospital by hospital security guards. Plaintiff asserts that he arrived at the hospital at 8:15 a.m., and that at 9:34 a.m., he was "escorted out untreated for trying to get help with my worsening symptoms." (Docket Entry No. 1, ¶¶ 12–13.) Plaintiff makes no assertion that it was his own decision to leave the Hospital. Although he had just been removed from the Hospital's property, plaintiff again called 911, and the Officers arrived at plaintiff's location off hospital property a few minutes later at 9:48 a.m. *Id.* at ¶ 15.

Plaintiff explained to the Officers for thirty or more minutes that the Hospital had not treated him and that he needed to return to the Hospital. *Id.* at ¶ 16. Plaintiff did not seek medical care elsewhere and insisted on returning to the Hospital. *Id.* at ¶¶ 20–23. He

8

complains that instead of escorting him back to the Hospital, the Officers gave him the criminal trespass warning "that [he] didn't want to hear about earlier" "even as [he] was trying to tell them [he] wasn't going to be able to abide by the warning[.]" *Id.* at ¶¶ 22–23.

Plaintiff called 911 for the third time at 10:21 a.m., and College Station EMTs arrived soon thereafter. Plaintiff stood up and got on the gurney unaided. The EMTs told plaintiff he was dehydrated, but plaintiff "knew that there was something else very wrong and feared for [his] life," and told the EMTs to take him back up the driveway to the Hospital. *Id.* at ¶¶ 25–27. When plaintiff exited the ambulance on Hospital property, the Officers arrested him for criminal trespass and transported him to the Brazos County Detention Center. *Id.* at ¶¶ 28–29. Plaintiff does not allege that the Officers prevented his receiving medical care from the EMTs, or that they issued him a criminal trespass warning for any location or facility other than the Hospital. The Officers had no further interaction with plaintiff after he was booked into the Brazos County Detention Center.

Plaintiff's factual allegations do not show that the criminal trespass warning and his ensuing arrest were without probable cause and unreasonable, and no viable Fourth or Fourteenth Amendment violation is raised. *See Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) ("Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."). Moreover, plaintiff states he was escorted off the Hospital grounds by hospital security guards, and that

9

he was examined and treated for dehydration by EMTs outside the Hospital grounds. Plaintiff alleges no facts establishing that the Officers were deliberately indifferent to any serious medical need that required plaintiff to return to the Hospital at that time. His assertion that the Officers "should have known" that he needed additional medical attention does not give rise to a viable Fourteenth Amendment claim.

The Officers are entitled to qualified immunity as to plaintiff's claims for violation of his Fourth and Fourteenth rights, and plaintiff's claims against them are **DISMISSED**.

To the extent plaintiff claims that the Officers violated EMTALA, the claim is **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983. As discussed above, EMTALA applies to hospitals, not individuals. Plaintiff does not and cannot allege that the Officers were hospitals for purposes of EMTALA, and the Officers owed plaintiff no duty on June 22, 2019, to provide him emergency medical care under EMTALA.

D. Injunctive Relief

In addition to seeking monetary damages, plaintiff asks the Court to issue an injunction ordering the CSPD to "require and enforce trainings [*sic*] on Mental Health, 42 U.S.C. 1395dd aka EMTALA, racial and behavioral profiling especially in medical situations[.]" (Docket Entry No. 1, ¶ 39.) Because CSPD has been dismissed as a party in this lawsuit, plaintiff's request for injunctive relief as to CSPD is **DENIED AS MOOT**.

## III.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendant College Station Police Department's motion to dismiss (Docket Entry No. 9) is **GRANTED** and plaintiff's claims against CSPD are **DISMISSED FOR LACK OF JURISDICTION.**

2. Defendant City of College Station's motion to dismiss (Docket Entry No. 10) is **GRANTED** and plaintiff's claims against the City are **DISMISSED** with leave to amend within thirty days from date of this order.

3. Defendant CSPD Officers Michael Pohl and Tim Grandy's motion to dismiss (Docket Entry No. 11) is **GRANTED** and plaintiff's claims against them are **DISMISSED.**

4. Plaintiff's request for injunctive relief against CSPD is **DENIED AS MOOT.**

5. Plaintiff's motion to amend (Docket Entry No. 20) is **DENIED WITHOUT PREJUDICE.**

6. **THIS IS AN INTERLOCUTORY ORDER.**

Signed at Houston, Texas, on this the 8th day of November, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

11