United States District Court
Southern District of Texas
**ENTERED**
June 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO YOUNG, a/k/a | § | |
| ANTONIO LADARRELL YOUNG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. H-21-2033 |
| v. | § | |
| | § | |
| CITY OF COLLEGE STATION, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Rule 12(b)(6) motion to dismiss filed by defendant City of College Station (the "City") (Docket Entry No. 26) and plaintiff's *pro se* response in opposition (Docket Entry No. 27). Plaintiff has also filed a motion for leave to file a second amended complaint with a proposed second amended complaint (Docket Entry No. 28).

Having reviewed the motions, the response, the pleadings, matters of public court record, and the applicable law, the Court **GRANTS** the motion to dismiss, **GRANTS** the motion for leave to file the second amended complaint, and **DISMISSES WITH PREJUDICE** plaintiff's claims in this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

In his amended complaint (Docket Entry No. 25) and second amended complaint (Docket Entry No. 28), plaintiff sues the City, the City of College Station Police Department ("CSPD"), and CSPD officers Tim Grandy, Michael Pohl, and Matthew Alaniz (the

"Officers") for claims arising from an incident that took place on June 22, 2019, outside the Baylor Scott and White Medical Center (the "Hospital") in College Station, Texas. Plaintiff claims that he had been kicked out of the Hospital emergency room by a Hospital security guard and was attempting to regain entry by placing one or more 911 calls for an ambulance escort back to the Hospital campus. An ambulance and the Officers responded to the 911 calls. The EMTs examined plaintiff and the Officers gave plaintiff a criminal trespass warning not to return to the Hospital. Plaintiff deliberately ignored the warning and told the ambulance driver to take him back to the Hospital. When plaintiff exited the ambulance at the Hospital, the Officers arrested him for criminal trespass and transported him to jail. He posted bond and was released the next day. Plaintiff seeks $3 million in damages for the alleged violations of his Fourth and Eighth Amendment rights.[1]

Plaintiff filed two other federal civil lawsuits for claims arising from these events. Plaintiff's lawsuit against the Hospital, medical care providers, and the security guard was dismissed with prejudice in *Young v. Baylor Scott and White Medical Center*, C.A. No. H-21-2116 (S.D. Tex. May 22, 2022). In the third lawsuit, *Young v. Brazos County*, C.A. No. H-21-2035 (S.D. Tex.), plaintiff sued Brazos County-related defendants for their deliberate indifference to his medical needs at the jail; the case remains pending. Thus, at issue in the

---

[1]In its order of November 8, 2021, the Court dismissed with prejudice plaintiff's EMTALA claims and denied as moot his claim for EMTALA-related injunctive relief. Plaintiff has improperly reasserted those claims in his second amended complaint, and the claims are **STRICKEN** from the amended complaint.

instant lawsuit are plaintiff's claims against the City, the CSPD, and the Officers for allegedly interfering with his right to seeks medical care at the Hospital, failing to provide medical care, and for arresting him on unlawful charges for criminal trespass.

## II.  ANALYSIS

A.     The City of College Station

In its Rule 12(b)(6) motion to dismiss, the City seeks dismissal of plaintiff's claims for failure to state a claim.  In an earlier order signed November 8, 2021, the Court dismissed plaintiff's claims against the City with leave to amend, finding that plaintiff did not plead a viable claim for municipal liability against the City.  Although the Court carefully set out the applicable law and pleading requirements for establishing municipal liability, plaintiff's amended and second amended complaints do not correct his earlier pleading deficiencies.

To establish municipal liability, a plaintiff must identify and plead: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017); *Valle v. City of Houston*, 613 F.3d 536, 541–542 (5th Cir. 2010).  Plaintiff again pleads none of these essential allegations, and he provides no factual support for a municipal liability claim against the City.

Plaintiff has been afforded three opportunities to plead a viable municipal liability claim against the City.  The Court is of the opinion that plaintiff has pleaded his best case against the City, and that any additional leave to amend would be futile.  Accordingly, the

3

City's motion to dismiss is **GRANTED** and plaintiff's claims against the City are **DISMISSED WITH PREJUDICE**.

B.     The College Station Police Department

In its order of November 8, 2021, the Court dismissed plaintiff's claims against the CSPD for lack of jurisdiction, finding that the CSPD was not a jural entity that could sue or be sued. In his amended and second amended complaints, plaintiff reasserts the dismissed claims against CSPD. Plaintiff pleads no factual allegations in his amended or second amended complaint establishing CSPD as a jural entity, and he fails to raise a claim against CSPD over which this Court has jurisdiction.

Plaintiff has been afforded three opportunities to plead a viable claim against the CSPD. The Court is of the opinion that plaintiff has pleaded his best case against the CSPD, and that any additional leave to amend would be futile. Accordingly, plaintiff's claims against the CSPD are **DISMISSED WITH PREJUDICE**.

C.     CSPD Officers Grandy, Pohl, and Alaniz

In its order of November 8, 2021, the Court dismissed plaintiff's claims against CSPD officers Grandy and Pohl without leave to amend. Nevertheless, in his amended and second amended complaints plaintiff reasserts the dismissed claims against Grandy and Pohl and names CSPD officer Alaniz as an additional defendant. In the interest of justice, the Court will review the claims against the Officers in light of factual allegations set forth by plaintiff in his second amended complaint.

1.     Fourth Amendment Claims

Plaintiff claims that the Officers' criminal trespass warning and his subsequent arrest for criminal trespass violated his Fourth Amendment rights. "The Fourth Amendment protects citizens from false arrests—that is, arrests unsupported by probable cause." *Defrates v. Podany*, 789 F. App'x 427, 431 (5th Cir. 2019). Under Texas law, criminal trespass is the act of knowingly entering private property without the consent of the owner after receiving notice that entry on the property is forbidden or remaining on property after receiving notice to depart but failing to do so. TEX. PEN. CODE ANN. § 30.05 (a); *Defrates*, 789 F. App'x at 431. "Notice" with respect to criminal trespass includes oral communication by someone with apparent authority to act for the owner. TEX. PEN. CODE ANN. § 30.05 (a)(2)(A). It is clear from plaintiff's own factual allegations in his second amended complaint that the Hospital had physically removed him from its property; that plaintiff made the Officers aware of this; that they gave him a criminal trespass warning not to return to the Hospital; and that the Officers arrested plaintiff when he deliberately ignored the warning and returned to the Hospital.

Plaintiff's factual allegations show that the Officers' interactions with plaintiff on June 22, 2019, commenced *after* he had been physically removed from the Hospital by a hospital security guard. Plaintiff's medical discharge form from the Hospital indicates that his "patient progress" was "stable" and that he was diagnosed with "disruptive behavior" and "memory loss." (Docket Entry No. 28-1, Exhibit A.) Unfortunately, plaintiff blocked out

most of the information on the form, including the course of his treatment at the Hospital and any discharge instructions he may have been given. Although plaintiff states that the emergency room discharge form stated "he may return for further evaluation or treatment," he acknowledges that the Officers subsequently spoke with the security guard who had "kicked him out." The Officers asked the security guard what the Hospital wanted them to do with plaintiff; the security guard replied that "they want him to leave." (Docket Entry No. 28-1, p. 6.)

Plaintiff's factual allegations do not show that the criminal trespass warning and his ensuing arrest were without probable cause and unreasonable, and no viable Fourth or Fourteenth Amendment violation is raised.[2] *See Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) ("Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."). The ambulance EMTs examined plaintiff and treated him for dehydration. The Officers contacted the Hospital security guard for instructions as to what to do with plaintiff; the security guard unambiguously told them that "they" wanted him to leave. Thus, the Officers were made aware that the Hospital did not want plaintiff to return, and plaintiff was given the criminal

---

[2]The parties have provided no information as to the current status of the criminal trespass charges, and no information is available from public online court records. Thus, the Court is unable to determine, *sua sponte*, whether any of plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

6

trespass warning.  Plaintiff admits in his second amended complaint that he deliberately ignored the warning and instructed the ambulance driver to return him to the Hospital emergency room.  When plaintiff arrived at the Hospital and exited the ambulance without assistance, the Officers placed him under arrest for criminal trespass and transported him to jail.  No viable Fourth Amendment claim is raised.

### 2.   Fourteenth Amendment Claims

Moreover, plaintiff's allegations do not raise a viable Fourteenth Amendment claim against the Officers for deliberate indifference to his medical needs.[3]  To establish a deliberate indifference claim under the Fourteenth Amendment, plaintiff must allege and plead sufficient factual allegations showing that the Officers: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 677 (5th Cir. 2019). It is not enough that the Officers *should* have known of the risk; the Fourteenth Amendment requires plaintiff to plead sufficient factual allegations showing that the Officers subjectively knew of the risk and deliberately ignored it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (noting that an officer or official will not be held liable if he merely "should  have known" of a risk).

_____

[3]Plaintiff alleges that the Officers were deliberately indifferent to his need for medical attention under the Eighth Amendment.  However, pretrial detention claims for deliberate indifference are governed by the Fourteenth Amendment. *See Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001).  Because plaintiff is proceeding *pro se*, the Court will liberally construe his claim as arising under the Fourteenth Amendment.

Plaintiff states he was escorted off the Hospital grounds by a Hospital security guard, and that he was examined by EMTs outside the Hospital grounds and evaluated for dehydration. The Officers were present during plaintiff's interactions with the EMTs. Plaintiff does not allege, and his exhibits do not show, that the EMTs told the Officers that plaintiff needed to be taken to a hospital or emergency room. The Hospital security guard informed the Officers that they wanted plaintiff to leave; he gave no indication to the Officers that plaintiff needed emergency medical attention. Plaintiff alleges no facts establishing that the Officers were deliberately indifferent to any serious medical need that required plaintiff to return to the Hospital or another medical facility at that time. His assertion that the Officers "should have known" that he needed additional medical attention does not give rise to a viable claim for deliberate indifference.

No viable claim for deliberate indifference is raised against the Officers. Plaintiff has been provided three opportunities to plead factual allegations supporting a viable Fourteenth Amendment claim against the Officers. The Court finds that plaintiff has pleaded his best case and that any additional leave to amend would be futile. Plaintiff's Fourteenth Amendment claims are **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.    Plaintiff's motion for leave to amend (Docket Entry No. 28) is **GRANTED** and plaintiff's second amended complaint is **ORDERED FILED OF RECORD**.

2.      Defendant City of College Station's motion to dismiss (Docket Entry No. 26) is **GRANTED** and plaintiff's claims against the City are **DISMISSED WITH PREJUDICE**.

3.      Plaintiff's claims against the College Station Police Department are **DISMISSED WITH PREJUDICE**.

4.      Plaintiff's claims against College Station Police Department Officers Tim Grandy, Michael Pohl, and Matthew Alaniz are **DISMISSED WITH PREJUDICE**.

5.      **THIS IS A FINAL JUDGMENT**.

Signed at Houston, Texas, on this the 23rd day of June, 2022.


                                        _____
                                        KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE